IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERONICA FREELOVE | ) | CASE NO. |
| 116 Pepper Tree Lane | ) | |
| Painesville, OH 44077 | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND REINSTATEMENT** |
| OUTBACK STEAKHOUSE | ) | |
| 8595 Market Street | ) | **JURY DEMAND ENDORSED** |
| Mentor, OH 44060 | ) | **HEREIN** |
| | ) | |
| and | ) | |
| | ) | |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC | ) | |
| 119 E. Court Street | ) | |
| Cincinnati, Ohio 45202 | ) | |
| | ) | |
| | ) | |
| **Serve Also:** | ) | |
| Corporate Creations | ) | |
| Network, Inc. | ) | |
| 119 E. Court Street | ) | |
| Cincinnati, Ohio 45202 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Veronica Freelove, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

**PARTIES AND VENUE**

1. Freelove is a resident of the city of Painesvill, County of Lake, State of Ohio.

2. Outback Steakhouse is a corporation licensed and registered to do business in Ohio.

3. Outback Steakhouse of Florida is a foreign corporation licensed and registered to do business in Ohio.

4. At all times, material herein, Outback Steakhouse owned and operated a business located at 8595 Market Street, Mentor, OH 44060.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Freelove is alleging a federal law claim under Title VII of the Civil Rights Act of 1964, § 701 *et seq.*, as amended, 42 U.S.C.A. § 2000e *et seq* and the Americans with Disabilities Act of 1990.

6. This Court has supplemental jurisdiction over Freelove's state law claims pursuant to 28 U.S.C. § 1367, as Freelove's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

8. All material events alleged in this Complaint occurred in Lake County.

9. Within 300 days of the conduct alleged below, Freelove filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2018-01309 against Defendant.

10. On or about June 1, 2020, the EEOC determined that the evidence obtained in the investigation established reasonable cause to believe that Defendant engaged in discrimination against Freelove.

11. On or about December 11, 2020, Plaintiff requested a Notice of Right to Sue.

12. On or about December 16, 2020, the EEOC issued and mailed a Notice of Right to Sue letter to Freelove regarding the Charge of Discrimination.

13. Freelove received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

14. Freelove filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

15. Freelove has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

16. Freelove applied for employment with Outback Steakhouse in Spetember 2017.

17. Freelove is trangender,

18. Freelove presents as female.

19. Hailer is male.

20. Freelove applied to be a server at Outback Steakhouse.

21. Upon submission of her application, Freelove was informed that she would be receiving a call for an interview.

22. Prior to her interview with Hailer, Freelove had a meeting with Outback Steakhouse's general manager.

23. The meeting with the general manager focused strictly focused on Freelove's experience and having a friend who referred her to the position.

24. After the meeting with the general manager, Freelove was told she would be called in for a second interview.

25. Hailer called Freelove to set up an interview time.

26. When Hailer called Freelove ("Interview Scheduling Call"), he asked for "Veronica" because he did not believe her voice to be that of a female.

27. Hailer was taken aback when he realized Freelove's voice was deeper than expected.

28. Hailer and Freelove agreed to an interview on September 27, 2017 during the phone call.

29. Before ending the Interview Scheduling Call, Hailer stated that he had never met or known someone who was transgendered before.

30. On September 27, 2017, Hailer conducted the interview with Freelove.

31. During the interview, Hailer told Freelove that he thought she "still has a man's face" (Man's Face Comment").

32. Hailer followed up the Man's Face Comment by asking Freelove how she would "handle it if a guest said something rude because of it (meaning his impression of her "man's face").

33. Following this question, Hailer continued to question Freelove's identity by asking her to "tell [him] about a time at [her] previous job how [she] dealt with a guest being rude because of [her] being transgendered."

34. Freelove answered Hailer's intrusive questions by stating that her previous employers had been supportive of her and they would handle any situations in a professional manner.

35. Before the interview concluded, Hailer told Freelove that she was brave for transitioning, and made references to Caitlin Jenner.

36. Hailer ended the interview and told Freelove he would let her know about the status of her application.

37. On or about November 1, 2017, Hailer called Freelove and told her that she would not be hired because of her visible tattoos.

38. Hailer made no comments regarding Freelove's tattoos during the interview.

39. Hailer made other comments about Freelove's appearance during the interview.

40. At the time of the November 1 call, Outback Steakhouse employed a server who had visible tattoos on her hands, wrists, and chest.

41. Freelove was able to fully comply with Outback Steakhouse's tattoo policy, as she is able to cover up her visible tattoos.

42. Freelove complained about Hailer's comments to Outback Steakhouse's Employee Relations Department.

43. Hailer's Man's Face Comment, along with inappropriate comments during the interview clearly establish that Freelove was not hired because she is transgender.

44. Outback Steakhouse did not hire Freelove because she did not act or present in accordance with her gender as Outback Steakhouse believed she should be.

45. The above facts demonstrate that Defendant engaged in a pattern and practice of gender discrimination.

46. As a direct and proximate result of Defendant's conduct, Freelove suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF CRA 42 U.S.C. § 2000e-2 *et seq.***

47. Freelove restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

48. Freelove is a member of a statutorily protected class based on her gender under the CRA 42 U.S.C. § 2000e-2 *et seq*.

49. Defendant treated Freelove differently than other similarly situated applicants and current employees based on her gender.

50. Defendant discriminated against Freelove on the basis of her gender throughout her application for employment and interview process.

51. Defendant refused to hire Freelove on the basis of her gender.

52. Freelove is transgender.

53. Defendant treated Freelove differently due to its perception that Freelove did not conform to the male or female gender, or how a male or female should look, act, or dress, or how her voice should sound.

54. Defendant refused to hire Freelove without just cause.

55. Defendant refused to hire Freelove based on her gender.

56. Defendant's discrimination against Freelove based on her gender violates CRA 42 U.S.C. § 2000e-2 *et seq*.

57. As a direct and proximate result of Defendant's conduct, Freelove suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT IV: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

58. Freelove restates each and every prior paragraph of this Complaint as if it were fully restated herein.

59. Freelove is a member of a statutorily protected class based on her gender under R.C. § 4112.01 *et seq*.

60. Defendants treated Freelove differently than other similarly situated applicants and current employees based on her gender.

61. Defendants discriminated against Freelove on the basis of her gender throughout her application for employment and interview process.

62. Freelove is transgender.

63. Defendants treated Freelove differently due to their perception that Freelove did not conform to the male or female gender, or how a male or female should act or dress.

64. Defendants terminated Freelove's employment without just cause.

65. Defendants terminated Freelove's employment based on her gender.

6

66. Defendants' discrimination against Freelove based on her gender violates R.C. § 4112.01 *et seq*.

67. As a direct and proximate result of Defendant's conduct, Freelove suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Freelove demands from Defendants the following:

(a) Issue an order requiring Defendant to restore Freelove to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Freelove for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys fees and non-taxable costs for Freelove claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*s/ Andrew Pappert, Esq.*
Andrew D. Pappert (0093964)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  drew.pappert@spitzlawfirm.com

*Attorneys For Plaintiff Lourdes Freelove*

## __JURY DEMAND__

Plaintiff Veronica Freelove demands a trial by jury by the maximum number of jurors permitted.

                                                      *s/ Andrew Pappert, Esq.*

                                                      Andrew D. Pappert (0093964)